BRIDGES, J.,
for the Court:
¶ 1. Walter Williams, Jr., a/k/a Black, was convicted of murder in the Quitman County Circuit Court. He was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. Williams then filed a “motion *1065 for judgment of not guilty [sic] notwithstanding the verdict, or in the alternative, a new trial” which was denied by* the circuit court. Aggrieved, Williams has perfected this appeal arguing the following issue which we quote verbatim from his brief:
I. VERDICT OF THE JURY IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no merit to this issue, we affirm the judgment of the circuit court.
FACTS
¶ 2. On December 31, 1997, Williams, John Martin, and L.C. Jones, Jr. decided to celebrate the arrival of the new year at the King Curtis Club in Quitman County, Mississippi. The three men rode to the club in Williams’s vehicle. Inside the vehicle was a shotgun and a .22 pistol, and the men had stopped several times to get ammunition and also to buy beer and liquor. They arrived at the club sometime between 8:00 P.M. and 9:00 P.M. and began to drink and play pool. Shortly thereafter, the club requested that Jones leave.
¶ 3. The State’s witnesses testified that around 10:30 P.M. Williams, Jones, and Martin left the club. Martin was driving the vehicle, and Williams and Jones began to argue. The record reflects that Jones told them to stop the vehicle so he could get out and walk home. Martin stopped the vehicle, and Jones got out.- Further testimony reflected that at this point Williams grabbed his pistol, stepped out of the vehicle, fired a shot, and got back into the car saying, “Take off. Take off. I just shot him.” The record then indicates that Williams told Martin to drive back to the club so somebody could see them.
¶ 4. Williams testified that he did not shoot and kill Jones. He also maintained that at the time of the shooting he was at the King Curtis Club. The defense presented testimony that indicated • that around 10:00 P.M. Williams saw his girlfriend, Florine Moore, who told him that he had enough to drink and should go home. Further testimony from Williams reflected that shortly after 10:00 P.M. he left the club with Moore.
PROCEEDINGS BELOW
¶ 5. In August 1998, Williams was indicted for the murder of Jones. Williams was convicted of murder in the Circuit Court of Quitman County, Mississippi. The circuit court sentenced Williams to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. Williams filed a motion for judgment notwithstanding the verdict, or in the alternative, a new trial which was denied by the circuit court. Aggrieved, Williams has now perfected this appeal.
ARGUMENT AND DISCUSSION OF LAW
I. VERDICT OF THE JURY IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 6. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. “[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Dudley v. State, 719 So.2d 180, 182 (Miss.1998). On review, the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Dudley, 719 So.2d at 182.
¶ 7. Williams argues on appeal that the evidence presented by the State was inconsistent and the witnesses were not credible. He contends that there was testimony presented at trial that placed him at a club in town at the time the murder occurred, therefore making the verdict *1066 against the overwhelming weight of the evidence. Williams maintains that the inconsistencies in the testimony require that this Court grant him a new trial. The State argues that there was sufficient credible evidence to support the verdict. The State further contends that the credibility of the witnesses and the conflicts in the testimony are issues to be resolved by the jury.
¶ 8. The Mississippi Supreme Court has held that “[w]here the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury’s duty to resolve the conflict.” Nicholson v. State, 523 So.2d 68, 70 (Miss.1988). As stated in Henson v. Roberts:
The demeanor or bearing, the tone of voice, the attitude and appearance of the witnesses, all are primarily for inspection and review by the jury. The jury not only has the right and duty to determine the truth or falsity of the witnesses, but also has the right to evaluate and determine what portions of the testimony of any witness it will accept or reject; therefore unless it is clear to this Court that the verdict is contrary to the overwhelming weight of the credible testimony, this court will not set aside the verdict of a jury.
Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996).
¶ 9. Although there may have been variations in the witnesses’ testimony, it is the jury’s duty to resolve any conflicting testimony. In this case, the record contains ample evidence to support the jury’s verdict. Dudley, 719 So.2d at 182. The testimony of the State’s witnesses established that around 10:30 P.M. Williams left the club with Martin and Jones. Further testimony showed that Williams and Jones had a heated argument that ended with Williams shooting Jones. When reviewing the evidence in the light consistent with the verdict and giving the State all favorable inferences which may be drawn from the evidence, this Court finds that the verdict was not against the overwhelming weight of the credible testimony. Griffin, 607 So.2d at 1201. Accordingly, we find this issue to be lacking in merit, and we will not disturb the verdict of the jury.
¶10. THE JUDGMENT OF THE QUITMAN COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ„ CONCUR.